67 F.3d 307
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert William KIMBLE, Sr.; Plaintiffs-Appellants,
v.
William BUNNELL, Warden of Tehachapi; James Gomez, Director
of Corrections; G. Curtis, Correctional Officer;
Alipaz, Correctional Officer; Sneed,
Correctional Officer,
Defendants-Appellees.
 No. 94-17206.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 5, 1995.*
Decided Sept. 20, 1995.
 
 Before: GOODWIN, WIGGINS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert W. Kimble, Sr., a California state prisoner, appeals pro se the district court's grant of summary judgment for defendants[1] on his Eighth Amendment claims brought pursuant to 42 U.S.C. Sec. 1983. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm in part, reverse in part, and remand.
 
 
 3
 A. Deliberate Indifference to Medical Needs and Excessive Force
 
 
 4
 Kimble contends that the district court erred by granting summary judgment on his claim that prison officials were deliberately indifferent to his medical needs and that prison guards used excessive force when intervening in a fight Kimble was having with his cellmate. These contentions lack merit.
 
 
 5
 "Liability under section 1983 arises only upon a showing of personal participation by the defendant." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989) (citation omitted). Here, Kimble made no allegations that defendants Curtis, Alipaz, or Sneed were deliberately indifferent to his medical needs. With respect to his excessive force claim, the only prison guard Kimble identified was a guard named "King." In support of defendants' motion for summary judgment, defendant Curtis submitted an affidavit stating that he was assigned to another unit on the night of Kimble's alleged assault by prison guards. Defendants Alipaz and Sneed submitted affidavits stating that they were not working on the night of Kimble's alleged assault by prison guards.
 
 
 6
 Because Kimble failed to establish a genuine issue of material fact as to defendants' participation in the denial of his medical care or in the use of excessive force against him, the district court properly granted summary judgment for defendants on these Eighth Amendment claims. See Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (holding that summary judgment is only appropriate where there is no genuine issue of material fact).
 
 
 7
 B. Deliberate Indifference to Risk of Assault by Cellmate
 
 
 8
 Kimble contends that the district court erred by granting summary judgment for defendants on his Eighth Amendment claim that prison officials were deliberately indifferent to his safety and well-being by housing him with gang-affiliated cell-mates. This contention has merit.
 
 
 9
 Prison officials must "take reasonable measures to guarantee the safety of ... inmates." Hudson v. Palmer, 468 U.S. 517, 526-27 (1984). To establish liability for deliberate indifference to the safety of inmates, an inmate must show that there was a sufficiently serious risk of harm and that prison officials knew of the risk of harm. Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994); Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir.1994), cert. denied, 115 S.Ct. 1695 (1995). In order to meet the objective requirement when an Eighth Amendment claim is based on the failure of prison officials to protect an inmate from assault, an inmate must demonstrate that the assault was "sufficiently serious" or that the risk of assault was "substantial." Farmer, 114 S.Ct. at 1977. An inmate can meet the subjective requirement by relying on circumstantial evidence that the risk of assault was "obvious." Id. at 1981.
 
 
 10
 Here, Kimble set forth in his sworn complaint[2] that he had been attacked by a "gang-affiliated" cellmate, that defendants had made cell assignments knowing that Kimble was incarcerated for a charge involving self-defense against gang members, and that after this initial assault defendants continued to assign "gang-affiliated" inmates to Kimble's cell.
 
 
 11
 In support of defendants' motion for summary judgment, defendant Curtis submitted an affidavit stating that he had no responsibility for assigning cellmates. Because Kimble failed to establish that Curtis participated in the alleged violation, the district court properly granted summary judgment for defendant Curtis on Kimble's claim of deliberate indifference. See Taylor, 880 F.2d at 1045.
 
 
 12
 The district court erred, however, in granting summary judgment in favor of defendants Alipaz and Sneed. Defendant Alipaz's affidavit did not directly respond to Kimble's contention that prison officials placed him in a cell with a "gang-affiliated" cellmate with deliberate indifference to his safety. Defendant Sneed's affidavit only stated that cell assignments were made in light of a need "to make bed space for inmates new to the institution." The district court found that defendant Sneed's affidavit set forth a legitimate penological reason for the cell assignment and he concluded that there was no genuine issue of material fact as to Kimble's Eighth Amendment claim. Defendant Sneed's affidavit is not sufficient, however, to demonstrate that defendants took "reasonable measures to guarantee" Kimble's safety. See Hudson, 468 U.S. at 526-27; cf. Farmer, 114 S.Ct. at 1977 ("[G]ratuitously allowing the beating ... of one prisoner by another serves no 'legitimate penological objectiv[e]'.") (citation omitted, bracket in original).
 
 
 13
 Because a genuine issue of material fact exists as to whether defendants Alipaz and Sneed were deliberately indifferent to Kimble's safety when making cell assignments, the district court erred by granting summary judgment for these defendants on Kimble's Eighth Amendment claim of deliberate indifference to his safety in making cell assignments. See Barnett, 31 F.3d at 815.
 
 
 14
 AFFIRMED in part, REVERSED in part, and REMANDED. Each party to bear its own costs on appeal.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Kimble's motion for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court granted defendant Bunnell and Gomez's motion to dismiss. Kimble does not appeal this issue
 
 
 [2]
 A "verified complaint may be used as an opposing affidavit under [Fed.R.Civ.P.] 56." See Schroeder v. McDonald, 55 F.3d 454, 460 (9th Cir.1995) (citation omitted)